UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

AUGUSTINE J. LEON,

    Petitioner,

v.                                        3:08-cv-462

JIM MORROW, Warden,

    Respondent.

## MEMORANDUM OPINION

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk is **DIRECTED** to serve a copy of the petition and this Memorandum Opinion and accompanying Order on the respondent and the Attorney General of the State of Tennessee. However, for the reasons stated below, the respondent shall not be required to file an answer or other pleading to the petition and this petition will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

Petitioner states that, upon his plea of guilty, he was convicted in the Circuit Court for Knox County, Tennessee, of drug charges and other offenses. According to petitioner, he filed a petition for post-conviction relief in the trial court on June 13, 2008, which was denied on June 24, 2008. Petitioner states that the appeal of that denial is pending in the Tennessee

Court of Criminal Appeals. Also according to petitioner, the grounds he alleges in support of his habeas corpus petition were raised in the state post-conviction petition.

A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review").

It is obvious that petitioner did not exhaust his state remedies before seeking federal habeas corpus relief. Accordingly, the petition will be **DENIED** and this action will be **DISMISSED WITHOUT PREJUDICE**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous, and will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal. Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c).

**AN APPROPRIATE ORDER WILL ENTER**.

    s/ Thomas W. Phillips
United States District Judge

2

Case 3:08-cv-00462-TWP-HBG   Document 5   Filed 12/09/08   Page 2 of 2   PageID #: 32